## COMBS *et al. v.* ERHARDT.

### *(Circuit Court, S. D. New York.* November 24, 1891.)

CUSTOMS DUTIES—ACT OF MARCH 3, 1883—METALLIC BEDSTEADS.

Certain bedstead mounts, brass and iron castings, bedstead tubes, bedstead knobs, vases, castors, etc., for use in the manufacture of metallic bedsteads, *held,* not dutiable as "house and cabinet furniture in piece or rough, and not finished," at 30 per cent. *ad val.,* under Schedule D, par. 229, Act March 3, 1883, but at 45 per cent. *ad val.,* as "manufactures of metal," under Schedule C, par. 216, of said act.

At Law.

The plaintiffs, Henry W. Combs & Co., in July, 1890, imported into the port of New York certain brass and iron castings, iron tubes, brass knobs, castors, etc., for use in the manufacture of metal bedsteads. The defendant, collector of customs at the port of New York, levied and assessed a duty of 45 per cent. *ad valorem* upon the importation as "manufactures of metal," under paragraph 216, Schedule C, of the tariff act of March 3, 1883. The plaintiffs protested, claiming that the merchandise was dutiable as "house and cabinet furniture in piece or rough, and not finished," at the rate of 30 per cent. *ad valorem*, under paragraph 229 of Schedule D of the same act. The articles in suit were manufactured at Birmingham, England. They were not made in the same factories in Birmingham where metal bedsteads or metal furniture of any kind were manufactured. The manufacture of such articles as those in suit is in England a separate trade from the furniture. They did not constitute, on their arrival, all the completed parts of metallic bedsteads, and were not then in a condition to be put together, without further manipulation, to form completed metal bedsteads. At the close of the testimony the United States attorney, in behalf of the defendant, moved for a direction of a verdict in his favor, on the grounds (1) that the articles in suit, in the condition in which they were imported, were not "furniture" in any proper or correct sense of the term, and were not, therefore, covered by paragraph 229 of Schedule D; and (2) that the articles in suit, being manufactured entirely of brass, iron, or other metal, were not covered by the furniture paragraph, (229,) which relates only and exclusively to furniture made of wood, or of which wood is the component material of chief value.

*Hoffman Miller*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge. I shall grant the motion of the defendant upon the ground that the articles imported are not within the meaning of the tariff phrase, "house furniture in the piece or rough."